UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUBURBAN BUSINESS PRODUCTS, INC., d/b/a SBP IMAGE SOLUTIONS,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>GRANITE CITY COMMUNITY UNIT SCHOOL DISTRICT NO. 9,  )<br>)<br>Defendant.  )<br>) | Case No. 4:12-CV-914 (CEJ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court following an evidentiary hearing on defendant's motion to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). Plaintiff opposes the motion, and the issues are fully briefed.

**I. Background**

On May 23, 2006, plaintiff Suburban Business Products and defendant Granite City Community Unit School District No. 9 entered into an Equipment Rental Agreement (the "2006 Rental Agreement") for a five-year lease of 34 Kyocera digital copy machines to the defendant. On the face of the document, the parties indicated that the agreement included "equipment" and did not include "service." According to plaintiff, the 2006 Rental Agreement contained the following forum selection clause:

> **11. GOVERNING LAW AND JURISDICTION: You agree that this Agreement shall be deemed fully executed and performed in the State of Missouri and shall be governed by the laws thereof. You also agree to be subject to the personal jurisdiction of the State**

> of Missouri, and any State or Federal court sitting therein, in any action or proceeding arising out of this Agreement.[1]

The 2006 Rental Agreement also contained the following merger provision:

> **13. ENTIRE AGREEMENT. This agreement constitutes the entire agreement, along with the bid specifications, which take precedence's [sic] over this agreement and understanding between us, and we must both agree in writing to any changes or modifications.**

The 2006 Rental Agreement is a pre-printed form document prepared by plaintiff. It is undisputed that defendant paid all of the lease payments due under the 2006 Rental Agreement and that the agreement expired in 2011.

Also on May 23, 2006, the defendant signed a Digital Copier Maintenance Agreement (the "2006 Maintenance Agreement") by which plaintiff agreed to provide maintenance service for the 34 Kyocera copiers that were the subject of the 2006 Rental Agreement. The 2006 Maintenance Agreement contained the following language: **"TANDEM CONTRACT PAYMENT TERMS: NET 45 DAYS FROM INVOICE DATE."** The 2006 Maintenance Agreement is a pre-printed form document prepared by plaintiff. It does not contain a forum selection clause.

On May 15, 2007, the parties entered into a second Digital Copier Maintenance Agreement (the "2007 Maintenance Agreement") pertaining to the 34 Kyocera copiers. The 2007 Maintenance Agreement is a pre-printed form document prepared by plaintiff. It does not contain a forum selection clause.

---

[1]Defendant states that its policy was to refuse to enter into agreements that would subject it to jurisdiction outside of Madison County, Illinois. Defendant maintains that the version of the 2006 Rental Agreement that it signed did not contain a forum selection clause. For the reasons discussed in this opinion, it is unnecessary to determine whether or not defendant agreed to the forum selection clause in the 2006 Rental Agreement.

The invoices for the 2006 Rental Agreement were issued separately from the invoices for the 2006 and 2007 Maintenance Agreements. Because defendant paid all of the 2006 Rental Agreement invoices, the issue in this lawsuit is whether defendant defaulted on payment of the invoices for the 2006 and 2007 Maintenance Agreements.

The defendant is a school district in Illinois. With respect to the transactions involved in this case, one of defendant's representatives came to St. Louis to look at the plaintiff's copiers. However, the equipment rental and maintenance agreements described above were signed in Illinois by defendant who then mailed them to plaintiff in Missouri. The copiers that are covered by the rental and maintenance agreements were located and serviced in Illinois. The invoices for the rental and maintenance agreements were mailed to and paid by defendant in Illinois.

**II. Legal Standard**

The plaintiff has the burden of establishing that personal jurisdiction exists over the non-resident defendant. Burlington Indus., Inc. v. Maples Indus., Inc., 97 F.3d 1100, 1102 (8th Cir. 1996). In opposing the motion to dismiss, a plaintiff need only make a prima facie showing of jurisdiction. Wessels, Arnold & Henderson v. National Med. Waste, Inc., 65 F.3d 1427, 1431 (8th Cir. 1995); Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991). "In considering a motion under Rule 12(b)(2), the Court views the facts in a light most favorable to plaintiff, the party opposing the motion." Maritz, Inc. v. Cybergold, Inc., 947 F. Supp. 1328, 1329 (E.D. Mo. 1996) (citing Aarib Ferer & Sons Co. v. Diversified Metals Corp., 564 F.2d 1211, 1215 (8th Cir. 1977).

**III. Discussion**

In the complaint, plaintiff invokes the Missouri long-arm statute, Mo. Rev. Stat. § 506.500.1 (1) and (2), and alleges that defendant entered into a contract with plaintiff and transacted business in the State of Missouri. The evidence does not support plaintiff's allegations. As discussed above, defendant operates a school system in Illinois, not in Missouri. Also, all of the contracts involved in this case were executed in Illinois and were performed in Illinois. See Wilson Tool & Die, Inc. v. TBDN-Tennessee Co., 237 S.W.3d 611, 615 (Mo. App. 2007) ("For purposes of long-arm jurisdiction [under § 506.500.1(2)], a contract is made where acceptance occurs."). The only contact defendant had with the State of Missouri was a one-time visit to plaintiff's showroom in St. Louis. Thus, the facts do not support the exercise of long-arm jurisdiction.

Plaintiff next premises its assertion of personal jurisdiction on the forum selection clause that appears in the 2006 Rental Agreement. Plaintiff argues that the 2006 Maintenance Agreement was in "tandem" with the 2006 Rental Agreement and, therefore, the two documents should be viewed as integrated agreements with the forum selection clause being applicable to both. Because defendant agreed to be subject to the jurisdiction of a court in Missouri, plaintiff contends that personal jurisdiction exists.

The 2006 Rental Agreement and the 2006 Maintenance Agreement were executed on the same date and pertain to the same copiers. However, there is no evidence that supports plaintiff's contention that they are essentially a single contract. In the 2006 Rental Agreement, the parties made clear that service of the copiers was not included. Hence, the need for a separate agreement (the 2006 Maintenance

Agreement) covering maintenance of the copiers. Further, there is no language in either agreement that incorporates the other by reference. The "tandem contract" language in the 2006 Maintenance Agreement is vague and ambiguous; it does not specifically refer to another contract and could be interpreted to mean that the same copiers are covered by another agreement. The language is insufficient to incorporate the terms of the 2006 Rental Agreement by reference. Finally, the "entire agreement" language in the 2006 Rental Agreement establishes that it was intended to stand alone and was not to be integrated with any other contract.

Plaintiff drafted the rental and maintenance agreements and could have easily included language that specifically incorporated the terms of one into the other. The ambiguity created by the "tandem contract" language must be construed against plaintiff as the drafter of the agreements. See Triarch Industries, Inc. v. Crabtree, 158 S.W.3d 772, 776 (Mo. 2005)(en banc) ("If the contract is unambiguous, it will be enforced according to its terms. If ambiguous, it will be construed against the drafter, as is the case with other contracts under Missouri law.") (citation omitted).

The Court concludes that the 2006 Rental Agreement and the 2006 and 2007 Maintenance Agreements are separate contracts. The forum selection clause in the 2006 Rental Agreement was not incorporated into either maintenance agreement. The defendant paid the lease payments as required by the 2006 Rental Agreement and, therefore, is not in breach of that agreement. For purposes of a claim of breach of the maintenance agreements, personal jurisdiction does not exist. Defendant did not agree to be subject to the jurisdiction of a state or federal court in Missouri and defendant lacks sufficient contacts with the State of Missouri to establish personal jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss for lack of personal jurisdiction [Doc. # 5] is **GRANTED.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 31st day of December, 2012.